UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD U. FLORES, | No. 2:14-cv-1410 KJN P |
| Plaintiff, | |
| v. | ORDER |
| OFFICER NEELY, et al., | |
| Defendants. | |

Plaintiff is a Solano County Jail inmate, and is proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

1  payments of twenty percent of the preceding month's income credited to plaintiff's trust account.
2  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
3  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
4  § 1915(b)(2).

5        The court is required to screen complaints brought by prisoners seeking relief against a
6  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
7  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
8  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
9  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

10        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
17  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
18  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
19  1227.

20        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
21  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
22  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
23  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
24  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
25  formulaic recitation of the elements of a cause of action;" it must contain factual allegations
26  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
27  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
28  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

2

1   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
2   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
3   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
4   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
5   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

6   Here, plaintiff claims that he purchased art pads from the jail canteen, and alleges that
7   once he created art work on the paper, the art paper was taken from plaintiff and discarded as
8   contraband.

9   An authorized, intentional deprivation of property is actionable under the Due Process
10  Clause.  See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman
11  Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985).  An
12  authorized deprivation is one carried out pursuant to established state procedures, regulations, or
13  statutes.  Logan, 455 U.S. at 436; Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see
14  also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).  Authorized
15  deprivations of property are permissible if carried out pursuant to a regulation that is reasonably
16  related to a legitimate penological interest.  Turner v. Safley, 482 U.S. 78, 89 (1987).

17  Where a prisoner alleges the deprivation of a liberty or property interest in violation of the
18  Fourteenth Amendment, caused by the unauthorized negligent or intentional action of a prison
19  official, the prisoner cannot state a constitutional due process claim where the state provides an
20  adequate post-deprivation remedy.  See, e.g., Hudson, 468 U.S. at 533.  California provides such
21  a remedy for prisoners.  See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam)
22  (citing California Government Code §§ 810-95).

23  The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
24  unable to determine whether the current action is frivolous or fails to state a claim for relief.
25  Plaintiff does not provide sufficient facts to determine whether he alleges the deprivation was
26  authorized or unauthorized, whether the nature of the art work may have posed a security
27  problem, or whether the artwork was confiscated based on a regulation that is reasonable related
28  to a legitimate penological interest.  For example, in Unger v. United States, 110 F.3d 70 (9th Cir.

1997), the Court of Appeals for the Ninth Circuit upheld a prison regulation prohibiting inmates from possessing sexually graphic personal photographs because "the possession of such personal nude photographs may lead to prison violence" id. at *4, which was reasonably related to a legitimate penological interest.

Accordingly, the court has determined that the complaint does not contain a short and plain statement as required by Fed.R.Civ.P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R.Civ.P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Solano County Sheriff filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: September 16, 2014

/flor1410.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD U. FLORES, | No. 2:14-cv-1410 KJN P |
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| OFFICER NEELY, et al., | |
| Defendants. | |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____    Amended Complaint

DATED:

_____
Plaintiff